CÉSAR GARCÉS, Petitioner, *v.* DISTRICT COURT OF ARECIBO, R. AGRAÍT ALDEA, JUDGE, Respondent.

No. 335. Argued January 19, 1940.—Decided January 23, 1940.

*Diego E. Ramos,* for plaintiff. The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

César Garcés, through his attorney, asked this Court to issue a writ of mandamus to the District Court of Arecibo ordering it to dismiss the prosecutions instituted against him in said court for the offenses of carrying forbidden weapons and not registering firearms.

He alleged that the informations in these cases were filed on July 21, 1939, and that on the 30th of November next, after giving notice to the District Attorney, he requested their dismissal because the period of 120 days fixed by Section 448, subdivision 2, of the Code of Criminal Procedure

had elapsed without his having been subjected to trial, and the judge, however, refused to order the dismissal because he considered that the petition had been presented out of time.

This Court ordered the petitioner to serve a copy of the petition on the respondent judge. This was done, and the judge in his answer set out the facts and reasons on which he based his refusal to order the dismissal. He included two certificates issued by the clerk of the court.

From the first it appears that on August 4, 1939, when the cases were called for arraignment, "considering the sworn medical certificate, showing the defendant's illness, the court orders that these cases be set for trial on the 25th of August, 1939."

An from the second it appears that:

"After the above cases had been called for trial today (December 1, 1939) by their order in the docket, the People of Puerto Rico appeared represented by the District Attorney and the defendant represented by his attorney, Diego E. Ramos.

"The defendant presented a motion to dismiss the informations and the court denied them because they were tardy.

"The defendant stated that he was not prepared to defend himself because he had been summoned tardily by the court and then the court postponed the trial of these cases until further entry in the docket, on condition that the defendant would take no advantage of said postponement or raise any question as to the prescription of these cases, and defendant, through his lawyer, accepted said proposal and in this manner, the trial of both cases was postponed."

The petitioner replied at length, including in his answer a certificate of the court stenographer from which it appears that the waiver of the statutory period which he made on December 1, 1939, was to have effect from that day on, a construction which is not in conflict with what appears from the minutes of the court.

We are confronted then, with a case in which certain informations were filed in a district court on July 21, 1939, and the trial was set for December 1, 1939, that is, for a date ten days later than the period of 120 days fixed by the

Legislature as the limit, in ordinary cases, of its conception of a speedy trial.

The entry of this case in the docket necessarily had to be made before the first of December. As the judge alleges in his answer, the case was entered in the docket on November 25, that is, four days after the period of 120 days had expired, and the motion for dismissal was filed on November 30, copy being served on the District Attorney and said motion having been brought to the attention of the court on the following day, that is, on the day of the trial, with the results which we already know.

The trial judge also alleges in his answer, "that it is the custom of this court to consider as presented out of time a motion for dismissal filed during the afternoon of the day before the trial, although the case had been entered in the docket days before, because it has been shown that the purpose of this practice is to prevent the District Attorney from presenting evidence as to previous postponements requested by the defendant, since to do that he has previously to search through the minute books of the court."

██ Under the facts set out above, although the deviation from the mandate of the law is not a serious one, we are compelled to grant the petition because not only was the trial set for a date later than the 120 days counted from the day when the information was filed, but the case was entered in the docket after said period had elapsed, without there being any indication as to why it could not be done before.

It can be understood that a district court may have so many cases pending that although it works actively it cannot on some occasions try them all within the statutory period of 120 days, but one cannot explain why a court cannot enter in the docket all the cases pending before it and ready for trial, prior to the expiration of said period. If the case is thus entered in the docket and defendant does not claim his right to a speedy trial before the statutory period elapses, said right would be waived. If it is claimed, then

902

the court would have the opportunity of doing everything possible to set ahead the date of trial. If it were impossible to do so, the good cause which the law provides would exist and in case defendant should request the dismissal of the prosecution, the court would be justified in denying such a motion.

With respect to the allegation that the motion was tardy, the decisions of this Court have up to now (*People* v. *Ortiz*, 46 P.R.R. 1, and *People* v. *Díaz*, 48 P.R.R. 443) merely held that such a motion is tardy when it is filed on the very day of the trial and in this case, although the motion was not brought to the attention of the judge until the day of the trial, it was filed and notified to the District Attorney on the preceding day.

And in regard to the practice followed by the district court of considering the preceding day as the very day of the trial, for the reasons indicated by the judge in his answer, it is enough to say that it has not been shown that if the District Attorney had had sufficient time, he could have presented evidence as to previous postponements requested by defendant. On the contrary, it has been rather shown that there were not any such postponements.

For these reasons, the peremptory writ of mandamus must be issued.